1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELVA GARZA-GRANT, | No. 1:14-CV-03018-JTR |
| Plaintiff, | |
| | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 23, 25. Attorney D. James Tree represents Elva Garza-Grant (Plaintiff); Special Assistant United States Attorney Franco L. Becia represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 35. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

### JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disabled Widows Benefits (DWB) on April 22, 2009, Tr. 345-349, alleging disability since October 23, 2008, due to Post-Traumatic Stress Disorder (PTSD),

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

Depression, and Epilepsy.  Tr. 364.   The applications were denied initially and upon reconsideration.  Tr. 185-192, 198-201.  Administrative Law Judge (ALJ) Donna Ships held hearings on April 12, 2011, and June 3, 2011.  Tr. 162.  A decision denying Plaintiff's application for benefits was rendered on July 14, 2011.  Tr. 159-179.  The Appeals Council remanded ALJ Ships' decision on May 30, 2012.  Tr. 180-184.  ALJ Tom L. Morris held a hearing on January 22, 2013, at which Plaintiff, represented by counsel, and vocational expert (VE) Paul Prachyl testified.  ALJ Morris issued an unfavorable decision on March 6, 2013.  Tr. 16-43.  The Appeals Council denied review on December 17, 2013.  Tr. 1-7.  The March 6, 2013, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on February 13, 2014.  ECF No. 1, 6.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 50 years old at the alleged onset date.  Tr. 345.  Plaintiff completed high school in 1978.  Tr. 104, 369.  At the administrative hearing, Plaintiff described mental impairments, chronic pneumonia, and kidney problems.  Tr. 114-115, 129.  She testified that the impairments caused anxiety, audio hallucinations, depression, difficulty sleeping, nightmares, and urinary incontinence.  Tr. 117-118, 123, 129-131.  Additionally, Plaintiff testified to a history of drug use, including multiple relapses, Methadone treatment, and falsifying urine screenings.  Tr. 120-122.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law de novo,

deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon claimants to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once claimants establish that physical or mental impairments prevent them from engaging in their previous occupations. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If claimants cannot do their past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimants can make an adjustment to other work, and (2) specific jobs exist in the national economy which claimants can perform. *Batson v. Comm'r of Soc. Sec.*

*Admin.*, 359 F.3d 1190, 1193-1194 (2004).  If claimants cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On March 6, 2013, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 23, 2008, the alleged date of onset.  Tr. 21.

At step two, the ALJ determined Plaintiff had the following severe impairments:   major depression and generalized anxiety disorder.  Tr. 22.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 24.

At step four, the ALJ assessed Plaintiff's residual function capacity (RFC) and determined she could perform a full range of work at all exertional levels but had the following nonexertional limitations:

> [T]he claimant can perform simple and routine tasks; can have occasional contact with coworkers; can have occasional contact with the public for work related tasks given that each occurrence should be no more than an average of 15 minutes in duration though incidental contact with the public is not precluded; must avoid concentrated exposure to hazards (dangerous machinery, unprotected heights, etc.), and can occasionally climb ladder, ropes, and scaffolds.

Tr. 25.  The ALJ concluded Plaintiff had no past relevant work.  Tr. 35.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and RFC, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of hand packager, industrial cleaner,

inspector/hand packager, small products assembler II, final assembler, and document preparer.  Tr. 36.  The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from October 23, 2008, through the date of the ALJ's decision, March 6, 2013.  Tr. 36.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff contends the ALJ erred by (1) failing to properly consider Plaintiff's testimony about the severity of her symptoms; (2) failing to give proper weight to the opinion of treating psychologist Dr. Rodenberger; (3) failing to find PTSD severe at step two; (4) failing to form an accurate RFC including limitations from all impairments; and (5) failing to accurately represent VE Prachyl's opinion in the decision.

## DISCUSSION

### A.   Credibility

The ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible," for three reasons:  (1) the medical record failed to support Plaintiff's mental symptoms and the limitations to the degree alleged; (2) Plaintiff engaged in activities showing greater mental functioning ability than alleged; and (3) Plaintiff made inconsistent statements regarding her substance use.  Tr. 26-32.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  "General findings are insufficient:  rather the ALJ must identify what testimony is

not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

Plaintiff limits her argument to the second reason the ALJ found her less than fully credible:  that she engaged in activities showing greater mental functioning ability than alleged.  ECF No. 23 at 20-22.

A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict her other testimony, or (2) "the claimant is able to spend a substantial part of [her] day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).  "Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation . . .  and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision." *Morgan v. Commissioner of the Social Security Admin.*, 169 F.3d 595, 599 (9th Cir. 1989) (citing *Fair*, 885 F.2d at 603).

In this case, the ALJ concluded that Plaintiff's activities contradicted her statements regarding the severity of her mental health symptoms.  Tr. 29-30.  The ALJ specifically addressed Plaintiff's activities of attending school; attending support groups; attending church; traveling to see family; caring for her mother, aunt, and grandchildren; and forming a new romantic relationship contradicted her statements regarding her ability to interact with others/social functioning, sustaining concentration and attention, and performing daily activities.  Tr. 30-31.

Plaintiff contends that none of the activities mentioned by the ALJ actually contradict Plaintiff's alleged symptoms.  ECF No. 23 at 21.  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1098.  Because the ALJ cites to specific evidence that supports his conclusion, the Court will not second-guess his findings.  Therefore, the ALJ provided a "specific, clear and convincing" reason to

find Plaintiff less than fully credible.

The ALJ provided two additional reasons for his unfavorable credibility determination.  Plaintiff did not challenge these remaining two reasons.  The court will not consider matters on appeal that are not specifically and distinctly argued in a plaintiff's opening brief.  *Carmickle v. Comm'r Soc.  Sec.  Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).  Therefore, even if the ALJ's reliance on Plaintiff's activities was supported by substantial evidence and not considered a "specific, clear and convincing" reason, there are two additional reasons that are sufficient to find Plaintiff less than fully credible.  *See Carmickle,* 533 F.3d at 1163 (upholding adverse credibility finding where ALJ provided four reasons to discredit claimant, two of which were invalid); *Batson*, 359 F.3d at 1197 (affirming credibility finding where one of several reasons was unsupported by the record).

The Court finds the ALJ's credibility finding is supported by substantial evidence.

**B.    Philip Rodenberger, M.D.**

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinion expressed by treating psychiatrist Dr. Rodenberger.  ECF No. 23 at 13-16.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians:  (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830.  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician.  *Orn*, 495 F.3d at 631.  Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician.  *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).  When a treating

physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion of the treating physician. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).

The ALJ gave Dr. Rodenberger's January 14, 2010, opinion "little weight" for three reasons: (1) he failed to provide any rationale or reference any objective evidence in support of his findings; (2) his opinion was inconsistent with his examination findings of mild to moderate GAF scores; and (3) his assessment was inconsistent with the totality of the evidence. Tr. 32.

Defendant asserted that "specific and legitimate" is the necessary standard in this case. ECF No. 25 at 13-15. Plaintiff does not challenge this assertion. ECF No. 23, 29.

Plaintiff contends a psychiatrist does not need to provide objective evidence in assessing a patient's mental health impairment. ECF No. 23 at 13-15; ECF No. 29 at 2-3. As support, Plaintiff notes that "[n]o laboratory tests or physical examinations exist, or are even known to be possible, to diagnose some psychological disorders. And the practice of psychologists often consists entirely of professional assessment of patient-reported symptoms and experiences." *Vanieken-Ryals v. Office of Pers. Mgmt.*, 508 F.3d 1034, 1041-1042 (Fed. Cir. 2007).

The Court acknowledges that the diagnosis of many social and psychological limitations will depend on a physician's analysis of a patient's self-reported symptoms. But, here the ALJ's reason for rejecting Dr. Rodenberger's opinion is that he failed to provide "*any rationale* or reference to any objective evidence." Tr. 32 (emphasis added). A review of Dr. Rodenberger's January 14, 2010, opinion shows that he checked the appropriate box to represent his opinion, signed the form, and left the "Comments" section blank. Tr. 516-518. The document containing the opinion does not provide any notation indicating a reliance on Plaintiff's self-reports or objective evidence. The ALJ may

"permissibly reject[ ] . . . check-off reports that [do] not contain any explanation of the bases of their conclusions." *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). Therefore, the ALJ's rejection of this opinion for lack of rationale or supporting evidence meets the "specific and legitimate" standard.

Plaintiff asserts that the September 8, 2010, letter to Swedish Hospital Neurology and the January 7, 2011, medication update record is rationale for Dr. Rodenberger's opinion and asks the Court to review the record as a whole. ECF No. 23 at 15. However, the letter and the treatment notes are dated several months after Dr. Rodenberger's January 2010 opinion. Therefore, they cannot be relied upon as rationale for Dr. Rodenberger's opinion of Plaintiff's functional ability in January of 2010.

Furthermore, a review of the records shows there was substantial evidence for the ALJ to conclude that Dr. Rodenberger's opinion was not supported by his treatment notes: In February 2009, Plaintiff is doing well and is transferred back to her primary care provider, Tr. 644; in December of 2009, Plaintiff "seems to be sustaining the status quo," Tr. 1067; in April of 2010, despite new physical diagnoses, Plaintiff's mental health "has not significantly worsened," Tr. 1066; and in September of 2010, Plaintiff is unable to successfully repeat an unfamiliar name and address after four trials, Tr. 1065, but by December of 2010, she improves at the repeating an unfamiliar name test and Dr. Rodenberger concludes that Plaintiff seems calmer and less anxious.[1] Tr. 1329. Besides the September 2010 repeating an unfamiliar name test, Dr. Rodenberger's records consistently state that there is no impairment of memory or intellectual functioning. Tr. 644-645, 649, 1066.

Here, Plaintiff appears to assert that the evidence supports Dr.

---

[1]The ALJ questions Plaintiff's sobriety at this time, noting that she has inconsistent statements regarding drug use in September through October of 2010. Tr. 31.

Rodenberger's opinion and the ALJ concludes that it does not. The Court finds
that while there is evidence in the record that could be interpreted more favorable
to the Plaintiff, when the evidence is susceptible to more than one rational
interpretation, the Court will not disturb the ALJ's opinion. *Tackett*, 180 F.3d at
1097.

The ALJ provided two additional reasons he gave Dr. Rodenberger's
opinion "little weight": (1) his opinion was inconsistent with his examination
findings of mild to moderate GAF scores, and (2) his assessment was inconsistent
with the totality of the evidence. Tr. 32. Plaintiff failed to provide specific
arguments in her initial briefing to address these remaining two reasons. She
neither cites to evidence or legal authority, nor explains specifically how and why
the ALJ erred. The court ordinarily will not consider matters on appeal that are not
specifically and distinctly argued in an appellant's opening brief. *Carmickle*, 533
F.3d at 1161 n.2. The Ninth Circuit explained the necessity for providing specific
argument:

> The art of advocacy is not one of mystery. Our adversarial system relies
> on the advocates to inform the discussion and raise the issues to the
> court. Particularly on appeal, we have held firm against considering
> arguments that are not briefed. But the term "brief" in the appellate
> context does not mean opaque nor is it an exercise in issue spotting.
> However much we may importune lawyers to be brief and to get to the
> point, we have never suggested that they skip the substance of their
> argument in order to do so. It is no accident that the Federal Rules of
> Appellate Procedure require the opening brief to contain the
> "appellant's contentions and the reasons for them, with citations to the
> authorities and parts of the record on which the appellant relies." Fed.
> R. App. P. 28(a)(9)(A). We require contentions to be accompanied by
> reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).
Moreover, the Ninth Circuit has repeatedly admonished that the court will not
"manufacture arguments for an appellant" and therefore will not consider claims

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

that were not actually argued in appellant's opening brief.  *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).  Because Plaintiff failed to provide adequate briefing, the Court declines to consider the remaining two reasons.

In conclusion, the Court finds that the ALJ's did not err in assigning little weight to the opinion of Dr. Rodenberger.

**C.    PTSD**

Plaintiff appears to assert that the ALJ erred by not finding PTSD a severe impairment at step two.  ECF No. 23 at 25-35.

The step-two analysis is "a de minimis screening device used to dispose of groundless claims."  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).  An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities."  20 C.F.R. §§ 404.1521(a), 416.921(a).  Basic work activities are "abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521(b), 416.921(b).  "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work."  *Smolen*, 80 F.3d at 1279 (internal quotation marks omitted).  A claimant's own statement of symptoms alone will not suffice.  *See* 20 C.F.R. §§ 404.1508, 416.908.

The ALJ did not address the diagnosis of PTSD directly in his step two analysis.  Tr. 22-24.  Throughout the decision, the ALJ assigned weight to the different providers who treated Plaintiff and provided their opinions.  Tr. 32-35.  The ALJ gave "significant weight" to the opinions of Jerry Gardner, Ph.D., and John F. Robinson, Ph.D.  Tr. 32.  Neither of these psychologists determined that PTSD was a medically determinable impairment:  Dr. Gardner opined that the record supported the medically determinable impairments of generalized anxiety disorder, major depression, and a history of heroin abuse, Tr. 479-491, and Dr. Robinson agreed with Dr. Gardner's conclusions.  Tr. 512.  Plaintiff does not

contest the ALJ assigning these psychologists great weight.  Suzanne Rodriguez, MSW, treated Plaintiff for PTSD in 2008 and 2009.  Tr. 445-450, 506-511, 606-607, 740-741, 756.  In November of 2008, Ms.  Rodriguez prepared an opinion which states that Plaintiff has no cognitive disorders and only mild social limitations.  Tr. 436.  The ALJ gave "significant weight" to Ms.  Rodriguez's opinion, and Plaintiff does not contest this determination.  Tr. 34.

The ALJ gave either little or limited weight to the opinions of medical professionals who did diagnose Plaintiff with PTSD:  Dr. Rodenberger diagnosed Plaintiff with PTSD and provided several marked mental health impairments in his opinion.  Tr. 516-518, 1065-1067, 1329.  The ALJ gave Dr. Rodenberger's opinion little weight.  Tr. 32.  Dr. David Deutsch reviewed Plaintiff's application for GAX on October 29, 2009.  He included a diagnosis of PTSD but opined that there was insufficient evidence to make a disability determination due to there being no neurological workup in the file.  Tr. 801.  The ALJ gave Dr. Deutsch's opinion only "some weight."  Tr. 33.  Kent Layton, Psy.D., testified at Plaintiff's initial hearing in April of 2011.  He concluded that the diagnosis of PTSD was severe, but clarified that when Plaintiff was sober, the PTSD did not cause any limitation to competitive work.  Tr. 51-57.  The ALJ gave Dr. Layton's testimony "some weight."  Tr. 33.  Russell Anderson, L.C.S.W., included a diagnosis of PTSD in his November 18, 2010, evaluation and opined Plaintiff had several moderate and marked limitations resulting from her mental health impairments.  Tr. 1073, 1075-1077.  The ALJ gave Mr.  Anderson's opinion "less weight."  Tr. 33.  Christopher Clark, M.Ed., LMHC, included a diagnosis of PTSD in his December 15, 2008, and August 16, 2010, evaluations and concluded that Plaintiff had some moderate and marked limitations as a result of her mental health impairments.  Tr. 438-441, 789-794.  The ALJ gave Mr.  Clark's opinion "little weight."  Tr. 34.  Gabriela Mondragon, M.S.W., included a diagnosis of PTSD in her May 18, 2009, and October 26, 2009, opinions and concluded that the Plaintiff had several moderate

and marked limitations as a result of her mental health impairments.  Tr. 699-704, 715-718.  The ALJ gave her opinion "less weight."  Tr. 34.  Peggy Champoux, M.S.W., included a diagnosis of PTSD in her August 2, 2011, opinion and concluded that the Plaintiff has some moderate and marked limitations as a result of her mental health impairments.  Tr. 1361-1363.  The ALJ gave part of Ms. Champoux's opinion "some weight" and gave the remainder of the opinion "little weight."  Tr. 34.

As addressed above, the ALJ's reasons for rejecting Dr. Rodenberger's opinion were legally sufficient and supported by substantial evidence.  Plaintiff does not raise a single objection to the weight given the remaining opinions that included the diagnosis of PTSD.  ECF No. 23.  *Carmickle*, 533 F.3d at 1161 n.2. (failure to challenge in opening brief waives issue).

While the ALJ did not state that he found PTSD nonsevere at step two, he did summarize and discuss the evidence from providers who diagnosed Plaintiff with PTSD.  The Court may draw "specific and legitimate inferences from the ALJ's opinion."  *Magallanes v. Bowne*, 881 F.2d 747, 755 (9th Cir. 1989).  Here, the inference is that the ALJ determined the impairment of PTSD was not severe because the ALJ gave little weight to the opinions that concluded PTSD resulted in workplace limitations.  The ALJ is not required to accept every impairment asserted by Plaintiff.

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews*, 53 F.3d at 1039.  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097.  Here, the Court can infer that the ALJ found the PTSD non severe at step two from the ALJ's treatment of medical opinions in the record.  Plaintiff does not challenge the ALJ's findings as to the weight provided to these opinions, making it a verity on appeal.  Therefore, the record contains substantial evidence to support the ALJ's

determination.

The Court finds the ALJ did not error at his step two determination.

**D.    RFC**

Plaintiff argues the ALJ failed to form an accurate RFC by (1) failing to consider all of her impairments by leaving out PTSD, seizure disorder, chronic bronchitis, and urinary tract infection/hydronephrosis; and (2) underestimating the extent of her functional limitations.  ECF No. 23 at 16-20; 22-24.

A claimant's RFC is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs."). In formulating a RFC, the ALJ weighs medical and other source opinions and also considers the claimant's credibility and ability to perform daily activities. *See*, *e.g.*, *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009). In forming an RFC, the ALJ must consider "limitations and restrictions imposed by all of an individual's impairments" including both those considered severe and not severe at step two.  S.S.R.  96-8p.[2]

**1.    Consideration of all impairments**

**a.    PTSD**

Plaintiff cites to Dr. Rodenberger's opinion to support her assertion that

---

[2]Social Security Rulings "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted."  20 C.F.R. § 402.35(b)(1).  Social Security Rulings are "binding on all components of the Social Security Administration." *Heckler v. Edwards,* 465 U.S.  870, 873 n.3, 104 S.Ct. 1532, 79 L.Ed.2d 878 (1984); *cf. Silveira v. Apfel,* 204 F.3d 1257, 1260 (9th Cir. 2000) ("This court defer[s] to Social Security Rulings . . .  unless they are plainly erroneous or inconsistent with the Act or regulations.").

PTSD resulted in limitations not addressed in the RFC.  ECF No. 23 at 16, 19.
However, this argument is based solely upon the assumption that the ALJ
improperly rejected Dr. Rodenberger's opinion that Plaintiff had multiple moderate
and marked limitations from her mental health impairments.  The ALJ's reasons
for rejecting Dr. Rodenberger's opinion where legally sufficient and supported by
substantial evidence.  *See supra.*

Furthermore, Plaintiff failed to assert what limitations are the result of PTSD
that the ALJ did not include in the RFC.  The Court cannot assess whether the
record supports limitations that were not identified by Plaintiff.  Plaintiff bears the
burden of establishing disability at steps one through four.  *Tackett*, 180 F.3d 1094
at 1098.  By failing to address specific limitations resulting from the asserted
impairment of PTSD, Plaintiff fails to meet her burden.

### b.    Seizure Disorder

Plaintiff asserts that the ALJ failed to consider her seizure disorder in his
RFC analysis.  ECF No. 23 at 19.  This is an inaccurate assertion.  The ALJ did
consider Plaintiff's seizure disorder in his RFC.  He specifically states "I have
taken the pseudo-seizures into account by adding seizure precautions in the
claimant's residual functional capacity assessment."  Tr. 23.  The ALJ included the
nonsevere impairment of the seizure disorder in the RFC, therefore the ALJ did not
error.

Additionally, Plaintiff failed to assert what limitations are the result of
Seizure Disorder that the ALJ did not include in the RFC.  Again, the Court cannot
assume limitations not asserted by Plaintiff.

### c.    Chronic Bronchitis and Urinary tract infection/
### hydronephrosis

Plaintiff cites the opinion of Karen Campbell, ARNP, in support of her
assertion that the chronic bronchitis and the hydronephrosis resulted in limitations
not addressed in the RFC.  ECF No. 23 at 20.  The ALJ gave Nurse Campbell's

opinion little weight.  Tr. 22.  Plaintiff does not contest the weight given to Nurse Campbell's opinion.

Once again, Plaintiff's brief is void of any assertion as to what limitations resulted from chronic bronchitis and hydronephrosis.  The Court again refuses to address unidentified limitations. *Carmickle*, 533 F.3d at 1161 n.2.  (failure to challenge in opening brief waives issue).

Thus, the ALJ did not err in formulating the RFC determination in this case.

### 2.    Underestimating the limitations

Plaintiff asserts that the ALJ erred by underestimating the extent of her functional limitations in compiling the RFC.  Tr. 23 at 22-24.  This argument is based upon the assumptions that the ALJ improperly rejected Dr. Rodenberger's opinion and improperly assessed Plaintiff's credibility.  *Id*. at 23-24.  As discussed in detail above, the ALJ's reasons for rejecting Dr. Rodenberger's opinion and Plaintiff's testimony were legally sufficient and supported by substantial evidence. Therefore, the Court finds no error with respect to the ALJ's determination regarding the mental limitations in the RFC.  *See Tackett*, 180 F.3d at 1097 (The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error).

### 3.    Conclusion

The Court finds the ALJ's RFC determination is supported by substantial evidence and free of legal error.

### E.    VE Opinion

Plaintiff alleges the ALJ failed to "take into account the opinion of VE Prachyl that indicated that Claimant could not sustain gainful employment," under the "ISSUES" section of her Motion for Summary Judgment.  ECF No. 23 at 12. The remainder of Plaintiff's Motion fails to provide a specific argument that includes a reference to the record or to case law, and she fails to explain specifically how and why the ALJ erred.

As stated throughout this order, the Court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief. *Carmickle*, 533 F.3d at 1161 n.2. The court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood*, 28 F.3d at 977. Because Plaintiff failed to provide adequate briefing on this issue, the court declines to consider it.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

1.     Defendant's Motion for Summary Judgment, **ECF No. 25**, is **GRANTED**.

2.     Plaintiff's Motion for Summary Judgment, **ECF No. 23**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED November 3, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE